NICHOLAS AEBIG, APPELLANT, v. W. M. BINSWANGER, APPELLEE.

FILED APRIL 20, 1912. No. 16,682.

1. Appeal: CONFLICTING EVIDENCE. Where, in a law action, the evidence is conflicting, and there is sufficient to sustain the finding made by the trier of fact, such finding will not ordinarily be molested upon appeal.

2. **Sales: Delivery: Evidence.** The evidence is examined, though not set out in detail, and, considering the facts and circumstances shown, the finding that there was a delivery and surrender of possession in the sale of the property involved in the transaction is approved.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. *Affirmed.*

*Bartos & Bartos* and *Hall, Woods & Pound,* for appellant.

*Mockett & Peterson, contra.*

Reese, C. J.

This is an action by plaintiff to recover of the defendant the sum of $1,500 paid to defendant in the purchase of a saloon, its stock and fixtures, at De Witt, in Saline county. It is alleged in the petition, in substance, that plaintiff entered into the contract with defendant by which he purchased the saloon of defendant for the sum of $2,500, paying in cash $1,500 on the purchase price, the possession of the saloon to be immediately delivered to plaintiff, but that defendant failed to deliver such possession and plaintiff had been deprived of the same, and that by the failure of defendant to comply with his contract in that behalf plaintiff is entitled to recover back the money so paid as money had and received. The answer admitted the sale and the receipt of the money, but denied that plaintiff had not been placed in possession, alleging that possession was delivered at the time of the sale. The reply denied these averments of the answer. Other issues were presented by the pleadings, but, as we view the case, they need not be here set out. The cause was tried to the district court without the intervention of a jury, resulting in a general finding in favor of defendant and a judgment dismissing the action   Plaintiff appeals.

Upon the question of delivery there is a sharp conflict in the evidence. It appears that one Roonfeldt, who had

previously been in charge of the saloon, had some interest with defendant in it. Upon the completion of the sale defendant and Roonfeldt executed and delivered to plaintiff a written memorandum of the sale as follows: "De Witt, Nebraska, 12-23-1907. Sold my saloon interest to Nick Aebig my saloon at De Witt, Neb., including stock of liquors, wines, cigars, and all goods contained in the saloon building. (Signed) W. M. Binswanger. Hy. Roonfeldt." Plaintiff gave defendant a check for the $1,500, when defendant and Roonfeldt went to the bank, cashed the check, defendant paying Roonfeldt $500 previously agreed upon as due him. In the meantime plaintiff put on an apron, such as worn by bartenders, and took his position behind the bar. Defendant and Roonfeldt returned to the saloon, when Roonfeldt passed behind the counter and resumed his labors as bartender. This transaction occurred on the 23d day of December, 1907. The interest of Roonfeldt grew out of the fact that the license was in his name and he was to receive as his wages the sum of $50 a month and 25 per cent. of the profits. The cost of procuring the license and the bond was paid by defendant. It was agreed that the services of Roonfeldt should be retained until the expiration of the license the following May, defendant guaranteeing his wages until that time upon condition that he would remain sober, which he did not always do. Defendant did not reside at De Witt, and upon the completion of the transaction he left on a train which soon passed through the town. Defendant testified that the possession of the saloon was surrendered to plaintiff. This is denied by plaintiff. The district court evidently found that the delivery of possession was made, and we think the facts and circumstances shown justified the court in coming to that conclusion. It appears that Roonfeldt was a hard drinker, often intoxicated, and not overconscientious in his dealings. There is some evidence tending to prove that the next day after the sale and the receipt by him of the $500 for his interest in the saloon, he excluded plaintiff from

17

any control over the business of the saloon, and continued to do so from that time on, but no efficient means were adopted by plaintiff for the protection of his rights. These facts, if true, would not justify plaintiff in abandoning his purchase and suing defendant for the return of the money paid. Plaintiff was well acquainted with Roonfeldt before the transaction and knew his habits.

We see no reason why the judgment of the district court should be molested. It is therefore

AFFIRMED.